IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOSEPH JACOBSON,<br><br>Defendant. | CR 04-35-M-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant MICHAEL JOSEPH JACOBSON (Jacobson) has been accused of violating the conditions of his supervised release. (Doc. 512). Jacobson admitted to some of the violations. Jacobson's supervised release should be revoked. Jacobson should be sentenced to custody for 9 months, with no term of supervised release to follow. The Court recommends that Jacobson serve his custodial sentence at FCI Sandstone.

## II.  Status

On December 3, 2004, Jacobson plead guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C § 851 as charged in the Superseding Information. (Doc. 157)  Jacobson was sentenced to 168 months of custody, followed by 10 years of supervised release. (Doc. 233)  Jacobson's current term of supervised release began on March 20, 2025.

**Petition**

On October 30, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Jacobson's supervised release. (Doc. 512). The Petition alleged Jacobson violated conditions of his supervised release by: (1) failing to report for substance abuse treatment on August 7, 2025, August 26, 2025, September 4, 2025, October 27, 2026, and November 6, 2025; (2) failing to comply with substance abuse testing by using fake urine on October 23, 2025 and by possessing fake urine of October 30, 2025; (3) using methamphetamine and marijuana on October 23, 2025 and October 30, 2025, testing positive for methamphetamine and marijuana on October 27, 2025 and November 6, 2025; and (4) by committing another federal, state or local crime by being charged on October 9, 2025 in Billings, Montana with the misdemeanor offense of Assault in violation of Mont. Code Ann. § 45-5-201.

**Initial Appearance**

Jacobson appeared before United States Magistrate Tim Cavan on November 13, 2024.  Jacobson was represented by counsel.  Jacobson stated that he had read the Petition and that he understood the allegations against him.  Jacobson waived his right to a preliminary hearing.  A revocation hearing was subsequently set before this Court for November 24, 2025, at 1:30 p.m.

### Revocation Hearing

Jacobson appeared before the Court on November 24, 2025.  The parties consented to proceed with the revocation hearing before the undersigned. Jacobson admitted that he had violated the conditions of supervised release as set forth as allegations 2 and 3 in the Petition.  The Government moved to dismiss allegations 1 and 4, which the Court granted.  Jacobson's admitted violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Jacobson appeared before the Court on November 24, 2025. Jacobson's violations are Grade C.  His criminal history category is VI.  Jacobson's underlying offense is a Class A felony.  Jacobson could be incarcerated for up to 60 months. Jacobson could be ordered to remain on supervised release for up to 44 months to life less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Jacobson's supervised release should be revoked. Jacobson should be sentenced to custody 9 months, with no term of supervised release to follow.

## IV. Conclusion

The Court informed Jacobson that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Jacobson of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Jacobson that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Jacobson waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That MICHAEL JOSEPH JACOBSON has violated the conditions of his supervised release by: (2) failing to comply with substance abuse testing by using fake urine on October 23, 2025 and by possessing fake urine of October 30, 2025; and (3) using methamphetamine and marijuana on October 23, 2025 and October 30, 2025, testing positive for methamphetamine and marijuana on October 27, 2025 and November 6, 2025.

The Court **RECOMMENDS**:

That the District Court revoke Jacobson's supervised release and sentence Jacobson to custody for 9 months, with no term of supervised

release to follow. The Court recommends that Jacobson serve his custodial sentence at FCI Sandstone.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of November 2025.

John Johnston
United States Magistrate Judge